**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

Case No.:

DANIEL COURTEMANCHE and DOROTHY
COURTEMANCHE, individually and
as husband and wife,
     Plaintiffs,

vs.

UNITED STATES OF AMERICA,
     Defendant.
_____/

## **COMPLAINT**

COME NOW the Plaintiffs, DANIEL COURTEMANCHE and DOROTHY
COURTEMANCHE (collectively "Plaintiffs"), by and through the undersigned counsel, and sue
the Defendant, UNITED STATES OF AMERICA ("Defendant"), and in support thereof state:

### **GENERAL ALLEGATIONS**

1.     This case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)
and 2671-80. This Court has jurisdiction over these claims against Defendant for money damages
pursuant to 28 U.S.C. § 1346(b)(1).

2.     At all material times hereto, Plaintiff, DANIEL COURTEMANCHE, was a citizen
and resident of the State of Florida.

3.     At all material times hereto, Plaintiff, DOROTHY COURTEMANCHE, was a
citizen and resident of the State of Florida.

4.     At all material times hereto, Trenton Medical Center, Inc. d/b/a Palms Medical
Group ("Palms Medical"), was a federally-funded healthcare facility, which was authorized to do,
and did, business in Gilchrist County, Florida. Palms Medical was a grantee of the United States

Department of Health & Human Services ("HHS"), and was covered under the Federal Tort Claims Act ("FTCA") by operation of the Federally Supported Health Centers Assistance Act.

5.      At all times material hereto, Dr. Bruce E. Thomas, M.D. was a Florida licensed physician authorized to, and practicing medicine in Gilchrist County, Florida.

6.      At all times material hereto, Dr. Thomas was an employee and/or agent of Palms Medical. All of the actions of Dr. Thomas as described herein were all performed within the course and scope of his employment with Palms Medical.

7.      Defendant is a party to this action by virtue of the FTCA, 28 U.S.C. §§ 1346(b) and 2671-80.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(e) and 1402(b) in that the acts or omissions complained of occurred within this judicial district.

9.      All conditions precedent required for bringing and maintaining this action have been met pursuant to the provisions of 28 U.S.C. § 2675(a) of the FTCA.

10.     This lawsuit has been timely filed, in that Plaintiffs timely served notice of their claims on the HHS on or about February 1, 2021, and more than six months have elapsed since that time without final disposition of their claims.

## COUNT I
### (Medical Negligence)

11.     Plaintiff, DANIEL COURTEMANCHE, incorporates by reference paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12.     At all times material hereto, Plaintiff, DANIEL COURTEMANCHE, was a patient of Palms Medical under the medical care and treatment of Dr. Thomas and/or physicians, employees, agents, or other personnel of Palms Medical.

13.     During that time, Dr. Thomas and/or physicians, employees, agents, or other personnel of Palms Medical, owed a duty to Plaintiff, DANIEL COURTEMANCHE, to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

14.     Dr. Thomas and/or physicians, employees, agents, or other personnel of Palms Medical, negligently deviated from the standard of care and breached their duty of care to Plaintiff, DANIEL COURTEMANCHE, by, including, without limitation:

a.   failing to order and/or perform a PSA test; and/or

b.   failing to perform a prostate examination; and/or

c.   failing to advise Plaintiff, DANIEL COURTEMANCHE, about the need for a PSA test; and/or

d.   failing to advise Plaintiff about the need for a prostate examination; and/or

e.   failing to diagnose prostate cancer before it became metastatic.

15.     As a direct and proximate result of those breaches, Plaintiff, DANIEL COURTEMANCHE, was diagnosed with metastatic prostate cancer which requires treatment that would have otherwise been unnecessary with early detection.

16.     As a further direct and proximate result of those breaches, Plaintiff, DANIEL COURTEMANCHE, suffered damages, including, without limitation, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. Plaintiff's, DANIEL COURTEMANCHE, losses are permanent and/or continuing and he will suffer the losses in the future.

17.     Defendant is vicariously liable for the negligence of Palms, which, in turn, is vicariously liable for its employees and/or agents, including, but not limited to, Dr. Thomas.

18.     Plaintiffs notified Palms and Dr. Thomas, on or about November 18, 2020, by certified mail, return receipt requested, of Plaintiffs' intent to initiate litigation for medical negligence. The notice included the written verified medical expert opinion corroborating reasonable grounds to support the claims.

19.     Plaintiffs notified the HHS via Standard Form 95 on or about February 1, 2021, of Plaintiffs' claims.

20.     The undersigned attorney certifies that a reasonable investigation has been made as permitted by the circumstances to determine that grounds exist for a good faith belief that there has been negligence in Palms' and Dr. Thomas' care and treatment of the Plaintiff, DANIEL COURTEMANCHE. This investigation gave rise to a good faith belief that grounds exist for an action against Defendant.

WHEREFORE, Plaintiff, DANIEL COURTEMANCHE, demands judgment against Defendant, UNITED STATES OF AMERICA, for damages, together with costs, pre- and post-judgment interest, and any other relief this Court deems appropriate.

## COUNT II
**(Loss of Consortium)**

21.     Plaintiff, DOROTHY COURTEMANCHE, incorporates by reference Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.     At all material times hereto, Plaintiff, DOROTHY COURTEMANCHE, was and is, the lawful wife of Plaintiff, DANIEL COURTEMANCHE.

23.     As a result of the injuries to her husband, Plaintiff, DOROTHY COURTEMANCHE, has lost and been deprived of the society, companionship, consortium, and

services of her husband and her losses are permanent or continuing and she will suffer those losses in the future.

WHEREFORE, Plaintiff, DOROTHY COURTEMANCHE, demands judgment against Defendant, UNITED STATES OF AMERICA, for damages, together with costs, pre- and post-judgment interest, and any other relief this Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted on September 3, 2021.

**Warner, Sechrest & Butts, P.A.**

*/s/ Michael D. Sechrest*

**Michael D. Sechrest, Esq.**
Florida Bar No.: 0150710
5200 SW 91st Terrace, Suite 101
Gainesville, FL 32608
T: (352) 373-5922
F: (352) 373-5921
Counsel for the Plaintiffs, DANIEL
COURTEMANCHE and DOROTHY
COURTEMANCHE
***Designated Email Addresses:***
Sechrest@fbswlaw.com
LTraino@fbswlaw.com